IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY GILLIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. |
| S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA And RON WALIZADA, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, ANTHONY GILLIHAN, by and through the undersigned counsel, and files this, his Complaint against Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants', S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.  Plaintiff ANTHONY GILLIHAN (hereinafter "Plaintiff") is, and has been at all

times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, S & L VINEYARDS INC. (hereinafter "S & L VINEYARDS INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, S & L VINEYARDS INC., may be properly served with process via its registered agent for service, to wit: Sikander Lalani, Registered Agent, 1208 East Beltline Rd., Carrollton, TX 75006.

9. Defendant, BURGER ISLAND, INC. (hereinafter "BURGER ISLAND, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

10. Defendant, BURGER ISLAND, INC., may be properly served with process via its registered agent for service, to wit: Jae Hi Lee, Registered Agent, 10505 Waters Drive, Irving,

TX 75063.

11. Defendant, MOHAMMAD S. WALIZADA (hereinafter "MOHAMMAD S. WALIZADA"), is an individual who transacts business in the State of Texas and within this judicial district.

12. Defendant, MOHAMMAD S. WALIZADA, may be properly served with process via service, to wit: 1904 Spring Meadow Lane, Richardson, TX 75081-2169.

13. Defendant, RONA WALIZADA (hereinafter "RONA WALIZADA"), is an individual who transacts business in the State of Texas and within this judicial district.

14. Defendant, RONA WALIZADA, may be properly served with process via service, to wit: 1904 Spring Meadow Lane, Richardson, TX 75081-2169.

## FACTUAL ALLEGATIONS

15. On or about December 21, 2018, Plaintiff was a customer at "Burger Island," a business located at 1208 E. Belt Line Rd., Carrollton, TX 75006, referenced herein as "Burger Island."

16. Defendant, S & L VINEYARDS INC., is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

17. Defendant, BURGER ISLAND, INC., is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

18. Defendant, MOHAMMAD S. WALIZADA, is the owner or co-owner of the real property and improvements that Burger Island is situated upon and that is the subject of this action, referenced herein as the "Property."

19. Defendant, RONA WALIZADA, is the owner or co-owner of the real property and improvements that Burger Island is situated upon and that is the subject of this action,

referenced herein as the "Property."

20. Plaintiff's access to the business located at 1208 E. Belt Line Rd., Carrollton, TX 75006, Dallas County Property Appraiser's parcel/identification number 140618000A0010000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Burger Island and the Property, including those set forth in this Complaint.

21. Plaintiff lives 5 miles of Burger Island and the Property.

22. Plaintiff has visited Burger Island and the Property as a customer and advocate for the disabled. Plaintiff intends on revisiting Burger Island and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Burger Island and the Property are accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Burger Island and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

23. Plaintiff intends on revisiting Burger Island and the Property to purchase goods and/or services as a regular customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

24. Plaintiff travelled to Burger Island and the Property as a customer and as an

independent advocate for the disabled, encountered the barriers to access at Burger Island and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Burger Island and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

25. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

26. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

27. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

28. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

29. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

30. Burger Island is a public accommodation and service establishment.

31. The Property is a public accommodation and service establishment.

32. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

33. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

34. Burger Island must be, but is not, in compliance with the ADA and ADAAG.

35. The Property must be, but is not, in compliance with the ADA and ADAAG.

36. Plaintiff has attempted to, and has to the extent possible, accessed Burger Island and the Property in his capacity as a customer of Burger Island and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Burger Island and the Property that preclude and/or limit his access to Burger Island and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

37. Plaintiff intends to visit Burger Island and the Property again in the next six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Burger Island and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Burger Island and the Property that preclude and/or limit his access to Burger Island and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

38. Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, have discriminated against Plaintiff (and others with disabilities) by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Burger Island and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42

U.S.C. § 12182(b)(2)(A)(iv).

39. Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, are compelled to remove all physical barriers that exist at Burger Island and the Property, including those specifically set forth herein, and make Burger Island and the Property accessible to and usable by Plaintiff and other persons with disabilities.

40. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Burger Island and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Burger Island and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii) At least one accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iii) The access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010

          ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle

(iv)    There is an excessive two inch vertical rise at the base of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(v)    There is an excessive vertical rise at the top of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(vi)    The accessible parking space sign is not at the proper height in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vii)    The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii)    The interior of the food mart has aisles walking surfaces lacking a 36 (thirty-six) inch clear width due to a policy of maximizing product placement and aisle density, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(ix)    The vertical reach to the soda and cappuccino dispensers in the food mart exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or

    ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(x)  There are changes in level in Burger Island exceeding ½ (one-half) inch that are not properly accessible ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there are publicly accessible sections of Burger Island that are only accessible by a stair, thus rendering the portions of the interior of the Property inaccessible. This violation made it dangerous and difficult for Plaintiff to access the interior sections of the Property.

(xi)  Inside Burger Island there is not an accessible route connecting all accessible spaces and elements within the restaurant in violation of section 206.2.4 and 206.2.5 of the 2010 ADAAG Standards due to the fact there are unique areas of the restaurant that are only accessible via a stair.

(xii)  The vertical reach to the soda dispensers in Burger Island exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(xiii)  Upon information and belief, there is not a policy in place and enforced by Burger Island which will facilitate disabled individuals to utilize the self-serve soda dispenser, and as a result, individuals with disabilities do not have access to soda and other self-serve drinks which are readily accessible to able bodied individuals.

(xiv)  Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**BURGER ISLAND RESTROOMS**

(i)      The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii)      The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(iii)      The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(iv)      The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)      The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is too short and both grab bars are too low. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)      The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

41.      The violations enumerated above may not be a complete list of the barriers,

conditions or violations encountered by Plaintiff and/or which exist at Burger Island and the Property.

42. Plaintiff requires an inspection of Burger Island and the Property in order to determine all of the discriminatory conditions present at Burger Island and the Property in violation of the ADA.

43. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

44. All of the violations alleged herein are readily achievable to modify to bring Burger Island and the Property into compliance with the ADA.

45. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Burger Island and the Property is readily achievable because the nature and cost of the modifications are relatively low.

46. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Burger Island and the Property is readily achievable because Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, have the financial resources to make the necessary modifications.

47. Upon information and good faith belief, Burger Island and the Property have been altered since 2010.

48. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

49. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Burger Island and the Property, including those alleged herein.

50. Plaintiff's requested relief serves the public interest.

51. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA.

52. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, pursuant to 42 U.S.C. §§ 12188 and 12205.

53. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, to modify the Burger Island and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, S & L VINEYARDS INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, BURGER ISLAND, INC., in violation of the ADA and ADAAG;

(c) That the Court find Defendant, MOHAMMAD S. WALIZADA, in violation of the ADA and ADAAG;

(d) That the Court find Defendant, RONA WALIZADA, in violation of the ADA and ADAAG;

(e) That the Court issue a permanent injunction enjoining Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, from continuing their discriminatory practices;

(f) That the Court issue an Order requiring Defendants, S & L VINEYARDS INC., BURGER ISLAND, INC., MOHAMMAD S. WALIZADA and RONA WALIZADA, to (i) remove the physical barriers to access and (ii) alter the subject Burger Island and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(g) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(h) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 7, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433

Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY GILLIHAN